## WILEY H. CLIFTON v. BANK OF ABERDEEN.

BILLS AND NOTES. *Attorneys' fee for collection. Negotiability. Indorser. Code* 1892, § 3506.

A provision in a promissory note for a reasonable attorneys' fee for collecting the same does not affect its negotiability nor impair the liability of an indorser thereof. *Meacham* v. *Pinson*, 60 Miss., 217, cited.

FROM the circuit court of Monroe county.

HON. E. O. SYKES, Judge.

The opinion states the case.

*E. H. Bristow*, for the appellant.

The promissory note sued is not negotiable by the law merchant, the amount being neither certain nor payable absolutely. Story's Prom. Notes, sec. 2023; 1 Parsons on Notes and Bills, pp. 37, 42; Tiedeman on Com. Paper, secs. 25, 28; *Mathews* v. *Redwine*, 23 Miss., 233; *Palmer* v. *Webb*, 6 Gray (Mass.), 340; *Fitch* v. *Stamps*, 6 How. (Miss.), 487; *Van Vacter* v. *Flack*, 1 Smed. & M., 393; *Wadlington* v. *Cavert*, 51 Miss., 631. The statute, § 3506, code 1892, while it makes all promises to pay money in writing assignable, does not impart thereto all the incidents of promissory notes, as days of grace, present-ment and demand, protest and notice, liability of indorser, etc., which remain just as they stood under the law merchant. The decisions of this court cited on behalf of appellee, when crit-ically examined, will be found inapplicable to the particular case under review. None of them involve the rights of an indorser. In the case of *Lamkin* v. *Nye*, 43 Miss., 241, this court, in construing the statute in question, held that if the writing assigned be "negotiable paper," as defined by the law merchant, the indorser incurs liability incident to that form of contract,

but as to other choses in action assigned, the mere transfer has no other effect than to pass the title so as to enable the assignee to sue in his own name. This case is decisive of the question, but see, also, *Hunt* v. *Shackleford*, 55 Miss., 94; *Blickley* v. *Alewine*, 26 S. E. Rep., 609; 2 Am. & Eng. Enc. L., 314. The doctrine expressed in *Lampkin* v. *Nye, supra*, has become a rule of property, and should be adhered to. *Rowan* v. *Runnels*, 5 How. (U. S.), 134; *Lusby* v. *Railroad Co.*, 73 Miss., 360.

*W. B. Walker*, for appellee.

The provision in a promissory note for "a reasonable attorney's fee for collection," does not deprive the note of its character as a negotiable instrument, nor affect the liability of an indorser. Code of 1892, § 3503; *Bacon* v. *Cohea*, 12 Smed. & M., 518. The validity of such a stipulation is not an open question in this state; indeed, counsel for appellant concedes that point. *Meacham* v. *Pinson*, 60 Miss., 217; *Eyrich* v. *Bank*, 67 Miss., 60; *Brahan* v. *Bank*, 72 Miss., 266. Appellant contends, however, that no one of these cases involved the question of the liability of an indorser on such a note. This is true. But the cases are persuasive and suggestive of what this court will hold on that question.

The overwhelming weight of authority holds such a note negotiable under the law merchant. In support of my contention, I invite the attention of the court to the following authorities, which exhaustively treat the subject and fortify their position with the most cogent reasoning: Tiedeman on Com. Paper, sec. 28*b;* 1 Randolph on Com. Paper, secs. 205, 206; 1 Daniel on Neg. Insts., 62, 62*a;* Parsons on Bills and Notes, 146, 147; *Stoneman* v. *Pyle*, 35 Ind., 103 (9 Am. Rep., 637); *Gaar* v. *Louisville Bkg. Co.*, 11 Bush, 180 (21 Am. Rep., 209); *Montgomery* v. *Crossthwaite*, 90 Ala., 553 (24 Am. St. Rep., 832); *Bank of Commerce* v. *Fuqua*, 11 Mont., 285 (28 Am. St. Rep., 461); *Dorsey* v. *Wolff*, 142 Ills., 589 (34 Am. St. Rep., 99); *First Nat. Bank* v. *Slaughter*, 98 Ala., 602 (39 Am. St. Rep.,

88); *Bank* v. *Marsh*, 39 Iowa, 270 (48 Am. St. Rep., 381); *Oppenheimer* v. *Bank*, 97 Tenn., 19 (56 Am. St. Rep., 778); *Nicely* v. *Commercial Bank*, 57 Am. St. Rep., 245; *Benn* v. *Kutschan*, 24 Ore., 28 (32 Pac. Rep., 763); *Dietrich* v. *Bayhi*, 23 La. Ann., 767; *Overton* v. *Mathews*, 35 Ark., 147; *Sperry* v. *Horr*, 32 Iowa, 184; *Seaton* v. *Scoville*, 18 Kan., 436; *Howenstein* v. *Barnes*, 5 Dill., 482; *Heard* v. *Dubuque Bank*, 8 Neb., 10; *Bank* v. *Rosmussen*, 1 Dakota, 57, 60; *Wilson Sewing Machine Co.* v. *Moreno*, 7 Fed. Rep., 805; *Adams* v. *Addington*, 16 Fed. Rep., 89.

The court will discover that many of the cases cited above are cases where the indorsers were sued and held liable on notes similar to the one sued on in this case. The case of *Lampkin* v. *Nye*, 43 Miss., 241, is not a pertinent authority in this discussion, and there is no occasion to invoke the doctine of *stare decisis*.

TERRAL, J., delivered the opinion of the court.

The Bank of Aberdeen, in the circuit court of Monroe county, recovered of W. H. Clifton, the indorser of a promissory note, a judgment for the sum agreed to be paid in said note, and also a reasonable attorney's fee for collection. The question is whether a stipulation in a promissory note to pay a reasonable attorney's fee affects the negotiability of such note. We regard the question as settled in this state in favor of the doctrine that such a stipulation does not affect the negotiability of the instrument. *Meachum* v. *Pinson*, 60 Miss., 217; 1 Dan. Neg. Insts., sec. 62, 62*a*.

*The judgment of the circuit court is affirmed.*